**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Deborah Tinker, individually and on )
behalf of all others similarly situated, )
  )
     Plaintiff, )
  )
     v. )    No.   18 C 596
  )
Halsted Financial Services, LLC, an )
Illinois limited liability company, and )
Cavalry SPV I, LLC, a Delaware limited )
liability company, )
  )
     Defendants. )    <u>Jury Demanded</u>

## CLASS ACTION COMPLAINT

Plaintiff, Deborah Tinker, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. Moreover, each Defendant's extensive business dealings here make each of them subject to this Court's general jurisdiction.

2.     Venue is proper in this District: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

### PARTIES

3.     Plaintiff, Deborah Tinker ("Tinker"), is a citizen of the State of Alabama from whom Defendants attempted to collect a defaulted, time-barred consumer debt,

which was allegedly owed for a Capital One account.

4.      Defendant, Halsted Financial Services, LLC ("Halsted"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts.  Defendant Halsted operates a nationwide debt collection business and attempts to collect defaulted debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Halsted was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails, the telephone and credit reporting to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Defendant Cavalry operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama.  In fact, Defendant Cavalry was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.      Defendant Cavalry is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies Defendant Cavalry's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7.      Defendants Halsted and Cavalry are both authorized to conduct business

in Illinois, and maintain registered agents here, <u>see</u>, records from the Illinois Secretary of State, attached Group Exhibit <u>A</u>.  In fact, Defendants Halsted and Cavalry conduct business in Illinois.

8.      Defendants Halsted and Cavalry are each licensed as debt collection agencies in the State of Illinois, <u>see</u>, records from the Illinois Secretary of State, attached as Group Exhibit <u>B</u>.  In fact, Defendants Halsted and Cavalry act as collection agency in Illinois.

### FACTUAL ALLEGATIONS

9.      Many years ago, Ms. Tinker fell behind on paying her bills, including a debt she allegedly owed for a Capital One account.  Sometime after that debt became defaulted, the debt was allegedly acquired by Cavalry.  Cavalry tried to collect upon the debt by having Halsted send Ms. Tinker a form collection letter, dated April 13, 2017. This letter urged her to pay the debt, via a "50% Discount Offer".  The letter belatedly stated:

* * *

> The law limits how long you can be sued on a debt.  Because of the age of your debt, Halsted Financial Services, LLC will not sue you for it.  If you do not pay the debt Cavalry SPV I, LLC may report it to the credit reporting agencies as unpaid for as long as the law permits this reporting.

* * *

A copy of this form collection letter is attached as Exhibit <u>C</u>.

10.      Defendants' letter, however, failed to state that Cavalry could not also sue on the debt; moreover, by stating that Halsted "will not" sue, rather than it "cannot" sue, the letter implied that Halsted still had the option to take those actions, and that it was simply choosing not to do so. Moreover, by stating that "[I]f you do not pay the debt,

3

Cavalry SPV I, LLC may report it to the credit reporting agencies as unpaid for as long as the law permits this reporting", Defendants clearly threatened Ms. Tinker with negative consequences if she did not pay the debt, which rendered any message about a decision not to sue ineffective.

11.     Despite Defendant's "50% Discount Offer", there was, in fact, no discount to be had.  Neither Defendant could actually sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Alabama.  Thus, their offer to settle would not save Ms. Tinker any money whatsoever.

12.     The failure of Defendants to disclose effectively that both Defendants could not sue or credit report is material.  This lack of proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendants that the debt needed to be paid.

13.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the

collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).  Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

17.     Attempts by debt collectors to collect time-barred debts via misleading and deceptive collection letters violate § 1692e of the FDCPA, see, Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017), petition for cert. denied, 86 U.S.L.W. 3090 (U.S. Jan. 16, 2018)(No. 17-255); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

18.     Although Defendants attempted to provide a disclaimer, as to one Defendant, that the debt was time-barred, that disclaimer was ineffective because: a) they failed to state that Halsted could not legally sue on the debt (rather than it had chosen not to sue); b) they failed to state that Cavalry could not sue; and c) they falsely claimed that payment would result in some sort of benefit or savings.  Thus, Defendants' form collection letter violates § 1692e of the FDCPA, including § 1692e(2)(A) and § 1692e(5).

19.     These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

20.     Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. §

5

1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

21.    Plaintiff adopts and realleges ¶¶ 1-14.

22.    Section 1692f of the FDCPA prohibits a debt collector from using any

unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C.

§1692f.

23.    Although Defendants attempted to provide a disclaimer, as to one

Defendant, that the debt was time-barred, that disclaimer was ineffective because: a)

they failed to state that Halsted could not sue on the debt (rather than it had chosen not

to); b) they failed to state that Cavalry could not sue; and c) they falsely claimed that

payment would result in some sort of benefit or savings.  Defendants, by attempting to

collect a time-barred debt, used an unfair or unconscionable means to collect a debt, in

violation of § 1692f of the FDCPA.

24.    These are materially unfair or unconscionable means that would lead any

consumer to believe that they had to pay this debt to avoid being sued or being credit

reported, <u>see</u>, <u>Lox</u>, 689 F.3d at 826.

25.    Defendants' violations of § 1692f of the FDCPA render them liable for

actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. §

1692k.

## CLASS ALLEGATIONS

26.    Plaintiff, Deborah Tinker, brings this action individually and as a class

action on behalf of all persons similarly situated in the State of Alabama from whom

Defendants attempted to collect a defaulted, time-barred consumer debt, allegedly owed for a Capital One account, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form collection letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

27. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Tinker, in their attempts to collect defaulted consumer debts from other consumers.

28. The Class consists of more than 40 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Plaintiff Tinker.

29. Plaintiff Tinker's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

30. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner

applicable to the Class as a whole such that declaratory relief is warranted.

31.     Plaintiff Tinker will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Tinker has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Deborah Tinker, individually and on behalf of all others similarly situated, prays that this Court:

1.     Certify this action as a class action;

2.     Appoint Plaintiff Tinker as Class Representative of the Class, and her attorneys as Class Counsel;

3.     Find that Defendants' form collection letter violates the FDCPA;

4.     Enter judgment in favor of Plaintiff Tinker and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Deborah Tinker, individually and on behalf of all others similarly situated, demands trial by jury.

8

Deborah Tinker, individually and on
behalf of all others similarly situated,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  January 26, 2018

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Carissa K. Rasch     (Ill. Bar No. 06327475)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (Ill. Bar No. 6197436)
Bond, Botes, Sykstus, Tanner & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com